Morgan D. Ross, Esq. (SBN 270650)
Robert B. Salgado, Esq. (SBN 297391)
**COUNTERPOINT LEGAL**
600 B Street, Ste 1550
San Diego, CA 92101
Tel: (619) 780-3303
Fax: (619) 344-0332
morgan@counterpointfirm.com
rsalgado@counterpointfirm.com

*Attorneys for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAVIN HAYS; R.G., a minor by and through her guardians Michael Garcia and Salena Garcia; ALYCE ITSUYE DART, individually and as parent and guardian of A.D., a minor; A.D., a minor by and through her guardian Alyce Itsuye Dart; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION and MOJANG AB, and DOES 1-10,<br><br>Defendants | Case No.: 3:25-cv-11078-JSC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO CHANGE TIME FOR DEFENDANTS TO MOVE TO COMPEL ARBITRATION AND OTHERWISE RESPOND TO THE FORTHCOMING AMENDED COMPLAINT** |

**Defendants' motion should be denied, or at most granted only in limited part.**

Plaintiffs filed the First Amended Complaint on March 18, 2026. Defendants acknowledge that, absent an order modifying the schedule, Federal Rule of Civil Procedure 15(a)(3) provides the default deadline for responding to the amended pleading. Defendants nevertheless seek an additional sixteen days beyond that default period to move to compel

arbitration, extending their deadline to thirty days after filing of the First Amended Complaint.

Plaintiffs do not oppose maintaining the already-entered staggered structure for any other responsive pleadings or motions following a ruling on any motion to compel arbitration. Plaintiffs oppose only Defendants' request for an additional sixteen days beyond the ordinary response period applicable to the First Amended Complaint.

**Defendants have not shown good cause for that additional delay.**

First, the principal premise of Defendants' motion was that an amended complaint was still "forthcoming" and that Defendants needed additional time to assess unknown new plaintiffs. That is no longer true. The First Amended Complaint has now been filed, and the operative pleading identifies the named plaintiffs and sets forth the allegations on which Defendants intend to base their anticipated motion to compel arbitration.

Second, Defendants had advance notice that Plaintiffs intended to amend. Defendants' own supporting declaration acknowledges that Plaintiffs advised Defendants on March 10, 2026 that Plaintiffs expected to amend the complaint to add new representatives and subclasses. Thus, Defendants were on notice of the forthcoming amendment well before the March 19 deadline and had the opportunity to prepare accordingly.

Third, Defendants' request for an additional sixteen days is unsupported by any particularized showing of diligence or necessity. Defendants state in general terms that they wish to "identify, verify, and investigate" the accounts of the new plaintiffs, but they do not explain why the default response period is insufficient, what specific steps could not have been taken sooner, or why a motion to compel arbitration cannot be prepared within the ordinary time allowed to respond to an amended pleading. Nor did Defendants seek targeted discovery directed to arbitrability before filing this motion.

Fourth, Defendants already received a modified schedule by court order on March 4, 2026, which specifically set a March 19, 2026 deadline for a motion to compel arbitration, or to otherwise respond to the complaint, and postponed all other responsive pleadings or motions until after resolution of that motion. Defendants now seek not merely to preserve that staggered structure, but to enlarge the specific deadline previously set by the Court without a sufficient

showing of good cause.

Plaintiffs have acted promptly to file the First Amended Complaint. Under these circumstances, further delay is unwarranted, particularly where Defendants seek to extend a motion deadline—not an answer deadline—by more than two additional weeks beyond the default time otherwise provided after amendment.

If the Court is inclined to grant any extension, Plaintiffs respectfully request that any extension be modest and limited to the minimum period the Court deems necessary.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to the extent it seeks to extend Defendants' deadline to move to compel arbitration to thirty days after filing of the First Amended Complaint. Plaintiffs are not opposed to setting Defendants' deadline in accordance with Rule 15(a)(3), or in the alternative, grant only a modest extension. Plaintiffs do not oppose maintaining the previously ordered staggered structure for any other responsive pleadings or motions following a ruling on any motion to compel arbitration.

RESPECTFULLY SUBMITTED

Dated: March 19, 2026

Robert B. Salgado, Esq.
Attorney for Plaintiffs