United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GARCIA, et al.,
Plaintiffs,

v.

MICROSOFT CORPORATION, et al.,
Defendants.

Case No. 25-cv-11078-JSC

**ORDER RE: DEFENDANT'S MOTION TO CHANGE TIME FOR DEFENDANTS TO MOVE TO COMPEL ARBITRATION AND OTHERWISE RESPOND TO AMENDED COMPLAINT**

Re: Dkt. No. 19

Plaintiffs, on behalf of themselves and putative classes, bring privacy claims alleging Defendants tracked the activities of people who play the video game Minecraft. (Dkt. No. 20.) Plaintiffs are two adults and two minor children who have interacted with the Minecraft platform, and two parents of a minor child suing in their representative capacity. (*Id.* ¶¶ 7-12.) Pursuant to the parties' stipulation, on March 4, 2026, the Court previously set two deadlines: the deadline for Defendants to move to compel arbitration on March 19, 2026 and the deadline for Defendants to otherwise respond to Plaintiffs' original complaint is 30 days after any order denying the motion to compel. (Dkt. No. 18.) On March 18, 2026, nearly two weeks after that Order and one day before Defendants' deadline to file a motion to compel, Plaintiffs filed an amended complaint naming three new plaintiffs. (Dkt. No. 20 ¶¶ 7-9.)

Pending before the Court is Defendants' motion to change those deadlines once more. (Dkt. No. 19.) Defendants request the deadline to file a motion to compel arbitration be set for 30 days after Plaintiffs file the amended complaint, which is an additional 16 days beyond the 14 days provided by the Federal Rules of Civil Procedure to respond to a complaint. (*Id.*); *see* Fed. R. Civ. P. 15(a)(3). Defendants request 30 days, as opposed to just two weeks, "to identify, verify, and investigate the accounts of the new named plaintiff(s)–whose identities and account

information [Plaintiffs' counsel] has not yet disclosed–in connection with an anticipated motion to compel arbitration." (Dkt. No. 19-1 ¶ 16.) Plaintiffs contend Defendants have not explained the need for the full 30 days. (Dkt. No. 21.) Defendants also request the deadline for any other responsive pleading be set for 30 days after any order denying the motion to compel, which Plaintiffs do not oppose. (Dkt. Nos. 19, 21.) For the reasons set forth below, the Court GRANTS Defendants' motion.

Defendants have shown good cause as to why they need 30 days, as opposed to just 14 days, to prepare a motion to compel arbitration as to the three new Plaintiffs. Plaintiffs' amended complaint, filed on March 18, 2026, names three new plaintiffs: one plaintiff is an adult who created a Minecraft account "in approximately 2010;" another plaintiff is a minor who used the Minecraft platform; and the third plaintiff is the minor's mother who, in "approximately August 2024," "personally creat[ed]" the minor's "Minecraft account using [her] own personal email address[.]" (Dkt. No. 20 ¶¶ 7-9.) As such, Defendants maintain they need additional time "to identify, verify, and investigate" these two accounts to prepare a motion to compel arbitration. (Dkt. No. 19-1 ¶ 16.) But, despite informing Defendants they intended to amend the complaint, as of the day before Plaintiffs filed the amended complaint, Plaintiffs "ha[d] not yet disclosed" the identities and account information of these new plaintiffs, (Dkt. No. 19-1 ¶¶ 16), and the amended complaint does not identify the email addresses used to create Plaintiffs' Minecraft accounts. (*See generally* Dkt. No. 20.) So, it appears the earliest Defendants could have begun identifying, verifying, and investigating these two accounts was when Plaintiffs filed the amended complaint. The question, then, is whether Defendants have shown there is good cause for the Court to grant Defendants an additional 16 days to obtain this information and incorporate it into a motion to compel arbitration.

On the record before the Court, Defendants have done so. Defendants' counsel has been diligent in seeking information about Plaintiffs' account information; both parties have already spoken at least twice about the account information for the originally named plaintiffs. (Dkt. No. 19-1 ¶¶ 5-8.) Plaintiffs do not contend they will be prejudiced by affording Defendants an additional 16 days. Rather, Plaintiffs contend Defendants have not explained why the 14 days

United States District Court
Northern District of California

provided by Rule 15(a)(3) is insufficient, and Defendants "did not seek targeted discovery directed to arbitrability before filing this motion." (Dkt. No. 21 at 2.) Defendants' failure to seek "targeted discovery" does not show delay or a lack of diligence given Plaintiffs first identified the new plaintiffs in the amended complaint filed *after* Defendants filed the instant motion, and after the parties previously spoke about account information. Moreover, if anything, the parties' prior conversations suggest Defendants' counsel needs additional time to obtain account information through no fault of her own; in the first conversation Plaintiffs' counsel "stated that he had asked his clients for their account information," then nearly two weeks later, Plaintiffs' counsel stated he was "not able to" provide it. (*Id.* ¶¶ 6-7.)

So, the Court finds good cause to grant Defendants' motion. Defendants' motion to compel arbitration shall be due April 17, 2026. The deadline for Defendants to otherwise respond to Plaintiffs' amended complaint shall be 30 days after any order denying Defendants' motion to compel.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated: March 23, 2026

JACQUELINE SCOTT CORLEY
United States District Judge