Morgan D. Ross, Esq. (SBN 270650)
Robert B. Salgado, Esq. (SBN 297391)
**COUNTERPOINT LEGAL**
600 B Street, Ste 1550
San Diego, CA 92101
Tel: (619) 780-3303
Fax: (619) 344-0332
morgan@counterpointfirm.com
rsalgado@counterpointfirm.com

*Attorneys for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GAVIN HAYS; ALYCE ITSUYE DART, individually and as parent and guardian of A.D., a minor; A.D., a minor by and through her guardian Alyce Itsuye Dart; and R.G., a minor by and through her guardians Michael Garcia and Salena Garcia, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION and MOJANG AB, and DOES 1-10,<br>Defendants | Case No.: 3:25-cv-11078-JSC<br><br>**PLAINTIFFS' OBJECTION TO REPLY EVIDENCE SUBMITTED WITH DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**<br><br>Date: June 18, 2026<br>Time: 10:00 a.m.<br>Judge: Jacqueline Scott Corley<br>Action Filed: January 2, 2026 |

///
///
///
///
///
///
///

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiffs object to the new reply evidence submitted with Defendants Microsoft Corporation and Mojang AB's Reply in Support of Motion to Compel Arbitration and Stay Litigation. Specifically, Plaintiffs object to paragraph 3 of the Second Declaration of Michael Scari, filed as Dkt. 30-1, and to Defendants' reliance on that paragraph to argue that A.D. continued using Minecraft, accessed the Minecraft account at issue, accepted the Microsoft Services Agreement, or manifested an intent not to disaffirm after the May 11, 2026 disaffirmance.

Civil Local Rule 7-3(d)(1) permits an objection to new evidence submitted with a reply, but does not permit further argument on the motion. Plaintiffs therefore limit this filing to objections to the new reply evidence and, if the Court is inclined to consider that new evidence, request that the Court consider the limited Supplemental Declaration of Alyce Itsuye Dart submitted solely to address the new May 16, 2026 account-access assertion.

## I. THE SECOND SCARI DECLARATION PRESENTS NEW REPLY EVIDENCE

Plaintiffs object to paragraph 3 of the Second Scari Declaration because it presents new evidence submitted for the first time with Defendants' reply. Paragraph 3 states: "The Microsoft account registered under Plaintiff Alyce Dart's email address was accessed as recently as May 16, 2026." Defendants use this new assertion to argue that "A.D. has subsequently manifested her intent not to disaffirm by continuing to use the Microsoft account after the supposed disaffirmance," and that A.D. "continued to use the Microsoft account" after May 11, 2026.

This evidence was not submitted with Defendants' opening motion. It also concerns a purported account-access event that allegedly occurred after Plaintiffs filed their opposition and after Ms. Dart's May 11, 2026 disaffirmance on behalf of A.D. Plaintiffs therefore had no opportunity to address this evidence in their opposition.

## II. PARAGRAPH 3 LACKS FOUNDATION FOR DEFENDANTS' INFERENCE THAT A.D. USED MINECRAFT AFTER DISAFFIRMANCE

Plaintiffs object to paragraph 3 of the Second Scari Declaration under Federal Rules of Evidence 401, 402, 403, and 602 because the declaration lacks foundation for the inference Defendants ask the Court to draw.

Paragraph 3 states only that a "Microsoft account registered under Plaintiff Alyce Dart's email

address" was accessed on May 16, 2026. It does not state that A.D. accessed the account. It does not state that anyone accessed Minecraft. It does not identify the service, application, device, IP address, login method, user, session type, or activity associated with the alleged access. It does not distinguish between manual human use, automated background activity, account-security activity, account-management activity, authentication refresh, device synchronization, Microsoft Office use, or access by Ms. Dart rather than A.D. It does not establish that the alleged access involved Minecraft, the Minecraft account at issue, the MSA, or any post-disaffirmance use of Minecraft by A.D.

Accordingly, paragraph 3 does not contradict Ms. Dart's declaration testimony that, to the best of her knowledge, "A.D. has not used the Minecraft account at issue since approximately April 2026." Nor does paragraph 3 establish that A.D. accepted any Microsoft, Mojang, Minecraft, Xbox, or MSA terms after the May 11, 2026 disaffirmance.

## III. THE LIMITED SUPPLEMENTAL DECLARATION CONFIRMS WHY DEFENDANTS' PROPOSED INFERENCE IS UNSUPPORTED

If the Court is inclined to consider paragraph 3 of the Second Scari Declaration, Plaintiffs request that the Court also consider Ms. Dart's limited Supplemental Declaration, which addresses only the new May 16, 2026 account-access assertion raised for the first time on reply.

Ms. Dart explains that she accessed the Microsoft account associated with her email address on or around May 16, 2026, using her own device, to use Microsoft Word/Office and print documents. Supp. Dart Decl. ¶¶ 3-6. That access was completely unrelated to Minecraft, was not done on A.D.'s iPad, and was not for the purpose of allowing A.D. to use, access, log into, or play Minecraft. Id. ¶¶ 5-7. Ms. Dart further explains that the Microsoft account associated with her email address is used by her for Microsoft Office features and is not exclusively used by A.D. for Minecraft. Id. ¶ 8.

Ms. Dart also states that after the May 11, 2026 disaffirmance, she told A.D. not to use Minecraft, open Minecraft, log into Minecraft, or play Minecraft; she has not authorized or allowed A.D. to do so; she has not personally seen A.D. open, log into, play, or interact with Minecraft at any time after May 11, 2026; and, to the best of her knowledge, A.D. has not played Minecraft, accessed Minecraft, logged into Minecraft, or used the Minecraft account at issue at any time after May 11, 2026. Supp. Dart Decl. ¶¶ 9-12. Ms. Dart also reviewed A.D.'s iPad Screen Time or app-usage information

and did not see any Minecraft use after May 11, 2026. Id. ¶ 13.

The Supplemental Declaration confirms that paragraph 3 of the Second Scari Declaration establishes, at most, undefined access to a Microsoft account associated with Ms. Dart's email address. It does not establish post-disaffirmance use of Minecraft by A.D.

## IV. THE EVIDENCE SHOULD BE EXCLUDED OR LIMITED UNDER RULE 403

Plaintiffs further object under Federal Rule of Evidence 403 because Defendants use the vague account-access assertion to suggest that A.D. continued using Minecraft after disaffirmance. The declaration does not support that inference. The risk of unfair prejudice, confusion, and misleading inference substantially outweighs any probative value of the assertion as offered.

At most, paragraph 3 suggests some undefined access to a Microsoft account registered under Ms. Dart's email address. It does not establish that A.D. used Minecraft, that A.D. accessed any account, that Minecraft was accessed, that the Minecraft account at issue was accessed, or that there was any knowing post-disaffirmance acceptance of the MSA by A.D.

## V. Relief Requested

For these reasons, Plaintiffs respectfully request that the Court sustain this objection and decline to consider paragraph 3 of the Second Scari Declaration, and Defendants' reply arguments based on that paragraph, for the proposition that A.D. used Minecraft, accessed the Minecraft account at issue, accepted the MSA, or manifested any intent not to disaffirm after May 11, 2026. In the alternative, if the Court considers paragraph 3 for any such purpose, Plaintiffs respectfully request that the Court also consider Ms. Dart's limited Supplemental Declaration submitted solely to respond to Defendants' new reply evidence.

DATED: May 27, 2026

**COUNTERPOINT LEGAL**

By: ______________________

Robert B. Salgado, Esq.
Attorneys for Plaintiffs and
Putative Class