UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>    Defendants. | Case No.  3:25-cv-11078-JSC<br><br>**ORDER DIRECTING PARTIES TO MEET AND CONFER RE: MOTION TO COMPEL ARBITRATION**<br><br>Dkt. No. 24 |

Plaintiffs filed this putative class action bringing privacy claims against Microsoft and Mojang AB alleging Defendants secretly tracked the contents of their communications when using Defendants' Minecraft-branded technologies.  Defendants have moved to compel arbitration as to three Plaintiffs: Gavin Hays, Alyce Itsuye Dart, and Ms. Dart's minor child A.D, based on an arbitration agreement in the Microsoft Services Agreement, which Defendants contend all users must accept as part of the account creation process.[1]  (Dkt. No. 24.[2])   The parties' briefing indicates there is a dispute as to contract formation. The Court thus VACATES the June 18, 2026 hearing on the motion to compel arbitration and orders the parties to meet and confer as set forth below.

## DISCUSSION

The Federal Arbitration Act ("FAA") provides arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for revocation of

---

[1] Defendants move to stay Plaintiff R.G.'s claims pending arbitration.

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

any contract." 9 U.S.C. § 2. Under the FAA, "arbitration agreements [are] on an equal footing with other contracts," and therefore courts must "enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (internal citations omitted). A party may petition a court to compel "arbitration [to] proceed in the manner provided for in such agreement." 9 U.S.C. § 4. A court must compel arbitration should it determine: (1) a valid arbitration agreement exists; and (2) "the agreement encompasses the dispute at issue." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) (internal citation omitted). Defendants, as the parties moving to compel arbitration, bear the burden of establishing the existence of valid arbitration agreements. *See Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). Plaintiffs Gavin Hays and Alyce Dart oppose arbitration arguing, in part, Defendants have not demonstrated the existence of a valid agreement to arbitrate.[3]

The existence of an arbitration agreement is a question for the Court, not an arbitrator. *See Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014); *see also Reichert v. Rapid Invs., Inc.*, 826 F. App'x 656, 658 (9th Cir. 2020) ("Notwithstanding any delegation clause in the Agreement, 'challenges to the existence of a contract as a whole must be determined by the court prior to ordering arbitration.'") (cleaned up). When, as here, "the making of the arbitration agreement" is at issue, the summary judgment standard applies. *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (quoting 9 U.S.C. § 4). To prevail under the summary judgment standard, Defendants must show there is no genuine issue as to any material fact regarding formation of the arbitration contract. *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"In determining whether the parties have agreed to arbitrate a particular dispute, federal courts apply state-law principles of contract formation." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022). "To form a contract under ... California law, the parties must manifest their mutual assent to the terms of the agreement." *Id.* "Parties traditionally manifest

---

[3] Defendants insist Ms. Dart assented to arbitration on A.D.'s behalf.  Thus, the arbitrability of her claims is dependent, at least in part, on whether there is a valid arbitration agreement with Ms. Dart.

United States District Court
Northern District of California

United States District Court
Northern District of California

assent by written or spoken word, but they can also do so through conduct." *Id.* "However, '[t]he conduct of a party is not effective as a manifestation of his assent unless he intends to engage in the conduct and knows or has reason to know that the other party may infer from his conduct that he assents.'" *Id.* (alteration in original) (quoting Restatement (Second) of Contracts § 19(2) (1981)). "These elemental principles of contract formation apply with equal force to contracts formed online. Thus, if a website offers contractual terms to those who use the site, and a user engages in conduct that manifests her acceptance of those terms, an enforceable agreement can be formed." *Id.* at 855–56.

To avoid the unfairness of enforcing contractual terms that consumers never intended to accept, courts considering online agreements "have devised rules to determine whether meaningful assent has been given." *Id.* at 856.  Unless the website operator can demonstrate actual knowledge of the agreement, an enforceable contract will be found based on an inquiry notice theory only if:

> (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and
> (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms.

*Id.* at 856 (citing *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 75 (2d Cir. 2017); *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1173 (9th Cir. 2014)). "Reasonably conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms by consumers are essential if electronic bargaining is to have integrity and credibility." *Berman*, 30 F.4th at 856 (cleaned up).

In moving to compel arbitration, Defendants submitted a declaration from Michael Scari, a Microsoft Product Manager of the Identity and Network Access division.  (Dkt. No. 24-1 at ¶ 1.) Mr. Scari describes the process for creating a Microsoft account and includes this screenshot of a prompt which users encounter as part of the account creation process:

3

(Dkt. No. 24-1 at ¶ 3.)　According to Mr. Scari, "to complete the process of creating a Microsoft account in any possible scenario a prospective user must click on the ''Next' button directly below the notice indicating 'By selecting Next, I agree to the Microsoft Services Agreement and Privacy Statement.'"　(*Id*. at ¶ 4.)　The Microsoft Services Agreement contains the at-issue arbitration provision.　(Dkt. No. 24-2 at 2, 21.)　Mr. Scari attests the "the Microsoft account-creation process has been materially the same" with a Next button and text regarding the Microsoft Services Agreement (MSA) since February 2012.　(Dkt. No. 24-1 at ¶ 5.)　"When Microsoft updates the MSA, Microsoft provides notice of the update through emails and pop-up notices (known as 'interrupt notices')."　(*Id*. at ¶ 7.)

Under California law, the question of whether "the website provides reasonably conspicuous notice of the terms to which the consumer will be bound" is "fact-intensive" and is informed by the "totality of the circumstances." *Godun v. JustAnswer LLC*, 135 F.4th 699, 709 (9th Cir. 2025) (internal citations omitted). "'[E]ven minor differences' in the design elements may make the difference in this fact-intensive analysis. At bottom, when visually analyzing the conspicuousness of an advisal and any hyperlinks, courts must be tuned to the expectations of a reasonably prudent internet user." *Id*. at 710 (quoting *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th

United States District Court
Northern District of California

444, 481 (2021)).

This Court, and others, have concluded a defendant can meet its burden of proving reasonable conspicuous notice when the plaintiff attests, as here, they cannot recall what they saw as part of the account creation process, and the defendant provides screenshots that are "substantially identical" to those the plaintiff would have encountered. [4] *See Singh v. Adobe Inc.*, 797 F. Supp. 3d 1038, 1046 (N.D. Cal. 2025); *see also Hong v. StubHub, Inc.*, No. 2:24-CV-03318-SB-JC, 2024 WL 4720924, at *4 (C.D. Cal. Sept. 9, 2024) ("Defendant has produced unrebutted evidence that the screenshot is substantially similar to what Plaintiff would have seen in May 2023" which "satisfies its burden."). But Mr. Scari's non-specific testimony the account creation process has been materially the same for the last 14 years is not the same evidence as providing an actual screenshot that is "substantially identical" to the one each plaintiff would have seen. The question of reasonably conspicuous notice is factually intensive and dependent on what Plaintiffs would have seen as part of the sign-up process.[5] *See Godun*, 135 F.4th at 711 (stating the court's analysis begins with "the screens that Plaintiffs encountered to consider whether any Plaintiff was put on inquiry notice that the use of [the website] constituted agreement to the website's Terms of Service."). The issue, however, might be resolved through a supplemental declaration from Mr. Scari attesting the screenshot in his declaration is substantially identical to the one Mr. Hays and Ms. Dart would have seen when they opened their accounts. Alternatively, Mr. Scari could submit screenshots of what the account creation process looked like at the time Mr. Hays and Ms. Dart created their accounts as he elsewhere attests to records of the exact date and time of their account creation. (Dkt. No. 24-1 at ¶ 10.)

---

[4] In opposing arbitration, Mr. Hays and Ms. Dart each submitted a declaration attesting they "do not remember" being shown an arbitration agreement or being told they were giving up their right to proceed in court by "creating or using a Minecraft-related account. (Dkt. No. 28-1, Hays Decl. at ¶¶ 5-8; Dkt. No. 28-2, Dart Decl. at ¶¶ 10-13.)

[5] Defendants' reliance on *Boisvert v. Experian Info. Sols., Inc*., No. 25-5387, 2026 WL 1079694, at *1 (9th Cir. Apr. 21, 2026), is unpersuasive as there the defendant submitted "a true and correct representation of the webform as it would have appeared when Plaintiff enrolled" with the motion to compel arbitration. *See Carissa Boisvert v. Experian Information Solutions, Inc*., No. 24-1570, Dkt. No. 21-2 at ¶ 3 (C.D. Cal. Jan. 6, 2025).

Defendants shall provide Plaintiffs with a supplemental declaration addressing this ambiguity, or if they are unable to do so, they shall inform Plaintiffs as much. The parties shall then meet and confer regarding whether Defendants' response resolves the issue, and if not, what discovery, if any, is required from each side regarding the making of the agreement at issue and also attempt to agree on a discovery schedule. The parties shall file a joint submission by June 26, 2026 that sets forth their agreements and disagreements, if any, regarding the above. Upon receipt of the parties' submission, the Court will either set a status conference or reset the hearing on the motion to compel arbitration.

**IT IS SO ORDERED.**

Dated: June 8, 2026

JACQUELINE SCOTT CORLEY
United States District Judge