Michael J. Mongan (SBN 250374)
WILMER CUTLER PICKERING
HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
michael.mongan@wilmerhale.com

Siddharth Velamoor (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
siddharth.velamoor@wilmerhale.com

Emily Barnet (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
emily.barnet@wilmerhale.com

*Attorneys for Defendants Microsoft Corporation and Mojang AB*

Morgan D. Ross, Esq. (SBN 270650)
Robert B. Salgado, Esq. (SBN 297391)
COUNTERPOINT LEGAL
600 B Street, Ste 1550
San Diego, CA 92101
Telephone: (619) 780-3303
Facsimile: (619) 344-0332
morgan@counterpointfirm.com
rsalgado@counterpointfirm.com

*Attorneys for Plaintiffs Gavin Hays, Alyce Itsuye Dart, A.D., and R.G.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

GAVIN HAYS, ALYCE ITSUYE DART, individually and as parent and guardian of A.D., a minor, A.D., a minor by and through her guardian Alyce Itsuye Dart, and R.G., a minor by and through her guardians Michael Garcia and Salena Garcia, on behalf of themselves and all others similarly situated,
Plaintiffs,
vs.
MICROSOFT CORPORATION, and MOJANG AB, and DOES 1-10,
Defendants.

Case No. 3:25-cv-11078-JSC

**JOINT SUBMISSION IN RESPONSE TO THE COURT'S JUNE 8, 2026 ORDER**

Judge: Jacqueline Scott Corley

Action Filed: December 30, 2025

[Third Declaration of Michael Scari and Second Declaration of Emily Barnet Filed Concurrently]

The parties respectfully submit this joint filing in response to the Court's June 8, 2026, order. Dkt. 33. That order directed Defendants to provide Plaintiffs with a supplemental declaration regarding contract formation and directed the parties to meet and confer and file a joint submission setting forth their agreements and disagreements. *Id.* at 5. The order further directed, that if the parties could not agree, the submission should set forth their positions on what discovery, if any, is required regarding the making of the alleged arbitration agreement. *See id.* at 5-6. Defendants provided Plaintiffs with the Third Declaration of Michael Scari and the Second Declaration of Emily Barnet, which are attached as Exhibits A and B. Plaintiffs intend on submitting supplemental declarations for Alyce Itsuye Dart and Gavin Hays but have not yet provided those to Defendants as the declarations are still being reviewed by the Plaintiffs; Plaintiffs reserve the right to seek leave to file them once finalized. The parties met and conferred but did not reach agreement. Defendants' position is that the supplemental declarations resolve the ambiguity identified by the Court and that Plaintiffs are not entitled to discovery. Plaintiffs disagree and contend the declarations do not eliminate the factual dispute regarding formation and that targeted formation discovery is required. The parties' respective positions are set out in detail below.

**Defendants' Position**

Each of the supplemental declarations Defendants provided to Plaintiffs independently resolves the ambiguity regarding contract formation identified by the Court. *See* Dkt. 33 at 5. In its order, the Court explained that it was unclear whether the screenshot in Michael Scari's first declaration was "substantially identical" to what Gavin Hays and Alyce Itsuye Dart "would have seen." *Id.* The Court stated that this issue might be resolved in two alternative ways. First, it "might be resolved through a supplemental declaration from Mr. Scari attesting the screenshot in his declaration is substantially identical to the one Mr. Hays and Ms. Dart would have seen when they opened their accounts." *Id.* Second, as an "[a]lternativ[e], Mr. Scari could submit screenshots of what the account creation process looked like at the time Mr. Hays and Ms. Dart created their accounts as he elsewhere attests to records of the exact date and time of their account creation." *Id.*

Defendants' supplemental declarations resolve the ambiguity in both ways. First, the supplemental declaration from Mr. Scari (his Third Declaration) states that "[t]he screenshot depicted in Paragraph 3 of [Mr. Scari's] First Declaration and the screenshot depicted in Paragraph 4 of [Mr. Scari's] Third Declaration both are substantially identical to the screen that Mr. Hays would have seen when he created his Microsoft account on March 26, 2019, and to the screen that Ms. Dart would have seen when she created her Microsoft account on September 13, 2018." Third Scari Decl. ¶ 5. Consistent with the Court's order, this declaration from Mr. Scari "attest[s] the screenshot[s]" are "substantially identical" to those Mr. Hays and Ms. Dart "would have seen when they opened their accounts." Dkt. 33 at 5. "In particular," when Mr. Hays and Ms. Dart created their Microsoft accounts, the account-creation process "required the user to click the 'Next' button adjacent to language indicating that doing so constitutes agreement to the hyperlinked, then-current MSA." Third Scari Decl. ¶ 5. Mr. Scari's declaration is based on his "personal knowledge and experience" and "review of Microsoft's records kept in the ordinary course of business." *Id.* ¶ 1. Second, a supplemental attorney declaration states that two screenshots "downloaded on June 11, 2026, from the Wayback Machine's website" were "true and accurate cop[ies] of a screen in Microsoft's sign-up flow as it existed on October 25, 2018" and "on April 5, 2019." Second Barnet Decl. ¶¶ 2-3. These are screenshots from near "the time" Ms. Dart and Mr. Hays created their accounts, Dkt. 33 at 5—September 13, 2018, and March 26, 2019, respectively, Dkt. 24-1 ¶ 10. These screenshots, like the screenshots in the First and Third Scari Declarations, show that immediately below the "Next" button is easy-to-read text stating that, by clicking the button, the user "agree[s] to the Microsoft Services Agreement and Privacy Statement." Second Barnet Decl. ¶¶ 2-3.

These supplemental declarations leave no factual dispute about contract formation under the Court's June 8 order and the case law underlying it. As the Court's order explains, courts have held that "a defendant can meet its burden of proving reasonable conspicuous notice when the plaintiff attests, as here, they cannot recall what they saw as part of the account creation process, and the defendant provides screenshots that are 'substantially identical' to those the plaintiff would have encountered." Dkt. 33 at 5 (collecting cases). Each declaration does exactly that.

Contrary to Plaintiffs' assertion, Defendants do not need to provide additional account-specific information, screenshots depicting the exact screen Mr. Hays and Ms. Dart saw when they created their accounts, or source code, change logs, or click-event records. This position is inconsistent with the Court's June 8 order, which explained that Defendants could resolve any ambiguity about contract formation by providing declarations attesting to what Mr. Hays and Ms. Dart "would have" seen—not what they actually saw. *See* Dkt. 33 at 5. It also is inconsistent with decisions from other courts. As Defendants have explained, courts have routinely held that, for purposes of analyzing reasonably conspicuous notice of contractual terms, a declaration containing a screenshot substantially similar to what a plaintiff saw at the time of assent is adequate to establish how the screen appeared. *See* Reply 3-4 (discussing cases). Evidence of exactly how a screen appeared to a particular plaintiff at the exact moment that the plaintiff signed up is not required. *See id.*; *Hong v. StubHub, Inc.*, 2024 WL 4720924, at *3-4 (C.D. Cal. Sept. 9, 2024) (cited by Dkt. 33 at 5) (granting motion to compel based on "purchase process as it would have appeared to purchasers in February 2024," which "was 'substantially similar' to the process in place in May 2023 when [p]laintiff bought his ticket," where plaintiff offered no "contrary evidence" suggesting otherwise). Plaintiffs cite no case law supporting their contention that—contrary to these cases and the Court's order—Defendants must produce account-specific records beyond the exact date and time of account creation that Defendants have already provided (*see* First Scari Decl. ¶ 10) or historical moment-in-time screenshots to establish contract formation.

As for the Second Barnet Declaration, the Court can take judicial notice of the embedded Wayback Machine screenshots. "District courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine," *J.J. v. Ashlynn Mktg. Grp., Inc.*, 2026 WL 1157165, at *3 (S.D. Cal. Apr. 28, 2026), as "there is nothing to suggest that the Wayback Machine's 'accuracy can reasonably be questioned,'" *FTC v. LendingClub Corp.*, 2018 WL 11436309, at *4 (N.D. Cal. Oct. 3, 2018) (Corley, J.) (alteration adopted) (quoting Fed. R. Evid. 201(b)); *see, e.g.*, *Glazing Emps. & Glaziers Union Loc. #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*, 2025 WL 1569421, at *5 (N.D. Cal. June 3, 2025) (Corley, J.) (taking judicial notice of "the Wayback Machine link in the footnote of Defendants' motion"); *Brown v. Madison Reed,*

*Inc.*, 622 F. Supp. 3d 786, 805 n.5 (N.D. Cal. 2022) (granting request to take judicial notice of Wayback Machine screenshot); *Mobile Emergency Hous. Corp. v. HP, Inc.*, 2021 WL 9867952, at *3-4 (N.D. Cal. Oct. 15, 2021) (same); *DotStrategy Co. v. Twitter Inc.*, 476 F. Supp. 3d 978, 980 n.1 (N.D. Cal. 2020) (same). Although Mr. Hays and Ms. Dart note that the Wayback Machine screenshots were taken a few weeks after they created their accounts, they do not claim that the Microsoft sign-up flow changed in the interim. And, in any event, the Third Scari Declaration is independently sufficient to establish contract formation.

Because there is no genuine factual dispute regarding contract formation, Mr. Hays and Ms. Dart are not entitled to discovery into additional account-specific records regarding what they exactly saw when they created their accounts, much less into technical information like source code, A/B or flighting records, or change logs. Nor are they entitled to a deposition on these topics. Plaintiffs do not explain how this information would be relevant to the question of contract formation, and they do not cite a single case in which similar discovery was granted in connection with a motion to compel arbitration. The Federal Arbitration Act permits courts to order *limited* discovery only when there is a genuine issue of material fact as to whether the parties agreed to arbitrate. *See Driskill v. Experian Info. Sols., Inc.*, 753 F. Supp. 3d 839, 848 (N.D. Cal. 2024); *Voll v. HCL Techs. Ltd.*, 2019 WL 144863, at *4 (N.D. Cal. Jan. 9, 2019). There is not a genuine issue here. Plaintiffs "notably do[] not introduce *any* competing evidence" of "what the user interface and contract actually looked like." *Maus v. Hyundai Motor Am.*, 2026 WL 974512, at *3 (N.D. Cal. Apr. 10, 2026). Defendants' "unrebutted evidence that the screenshot[s are] substantially similar to what [Mr. Hays and Ms. Dart] would have seen" at the relevant times, as well as account-specific data reflecting the exact date and time of account creation, more than "satisfies [Defendants'] burden" to establish contract formation. *Hong*, 2024 WL 4720924, at *4. A "[p]laintiff's mere assertion that a factual dispute exists is insufficient to require discovery," but that is all Mr. Hays and Ms. Dart offer. *Voll*, 2019 WL 144863, at *4; *accord Tomlin v. Roblox Corp.*, 2026 WL 1412606, at *10 (E.D. Pa. May 20, 2026) (cited by Dkt. 32) ("Mere speculation" that Microsoft sign-up process might have proceeded unusually did "not create a *genuine* dispute of material fact").

Mr. Hays's and Ms. Dart's anticipated supplemental declarations, as described by their counsel to Defendants' counsel, are both legally irrelevant and procedurally improper. It does not matter whether Mr. Hays and Ms. Dart would not have created their accounts had they seen the arbitration agreement or the class-action waiver in the MSA. As Defendants have explained (MTC 12; Reply 5), "parties to a contract are generally deemed to have consented to all the terms of a contract they sign, even if they have not read it." *Chamber of Com. of the U.S. v. Bonta*, 62 F.4th 473, 488 (9th Cir. 2023). Contract interpretation is based on "the objective intent, as evidenced by the words of the contract, rather than the subjective intent of one of the parties." *Bodenburg v. Apple Inc.*, 146 F.4th 761, 767 (9th Cir. 2025). Here, Mr. Hays and Ms. Dart agreed to the MSA because, as Defendants' supplemental declarations conclusively establish, they had "reasonably conspicuous notice" of the MSA and clicked buttons that "unambiguously manifest[ed their] assent" to the MSA. *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 476 (9th Cir. 2024). Thus, whether Mr. Hays and Ms. Dart had "actual knowledge of the [MSA]" is beside the point. *Id.* The best, and only proper, evidence of what Mr. Hays and Ms. Dart intended in agreeing to the MSA is its text. That text clearly states, in conspicuous font, that the MSA has a "**BINDING ARBITRATION CLAUSE AND CLASS ACTION WAIVER IN SECTION 15**." First Scari Decl., Ex. A at 1; *see id.* § 15; MTC 3-4. And, in any event, Plaintiffs' declarations are procedurally improper. "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," with two inapplicable exceptions. Civil L.R. 7-3(d); *see Del Campo v. Am. Corrective Counseling Servs., Inc.*, 718 F. Supp. 2d 1116, 1121 n.4 (N.D. Cal. 2010) (striking post-briefing filing as "an improper attempt to file a surreply brief without leave of the Court"). The Court ordered Defendants to submit a supplemental declaration, but the Court did not permit (let alone direct) Plaintiffs to do so. *See generally* Dkt. 33.

In sum, Defendants' supplemental declarations establish that Mr. Hays and Ms. Dart agreed to the MSA, which contains an arbitration provision compelling arbitration of their and A.D.'s claims. Therefore, the Court should deny Plaintiffs' request for discovery and grant Defendants' motion to compel arbitration of Mr. Hays's, Ms. Dart's, and A.D.'s claims and stay R.G.'s claims pending arbitration of the other Plaintiffs' claims. If the Court is inclined to order any discovery,

Defendants do not oppose Plaintiffs' proposed schedule but respectfully request that the Court first hold a status conference.

**Plaintiffs' Position**

Plaintiffs respectfully disagree that Defendants' supplemental declarations resolve the ambiguity identified by the Court. The Court did not hold that any declaration reciting the words "substantially identical" would establish contract formation. The Court stated only that the issue "might be resolved" if Defendants submitted competent evidence showing that the screenshot previously submitted was substantially identical to what Mr. Hays and Ms. Dart would have seen, or if Mr. Scari submitted screenshots of what the account-creation process looked like at the time Mr. Hays and Ms. Dart created their accounts. Dkt. 33 at 5. The surrounding analysis confirms why the factual showing matters: the making of the alleged arbitration agreement is for the Court to decide under the summary-judgment standard, and the question whether an online screen provides reasonably conspicuous notice is fact-intensive, turns on the totality of the circumstances, and may be affected by even minor design differences. Id. at 2, 4-5.

The Third Scari Declaration does not supply the missing factual foundation. Paragraph 5 states in conclusory form that the screenshots are "substantially identical" to what Mr. Hays and Ms. Dart would have seen, but it does not identify the account-specific flow, device, browser, operating system, locale, account type, screen version, UI template, A/B test or flight assignment, release history, source code, or records reviewed to support that conclusion. Nor does it attach historical Microsoft records showing the account-creation screens in effect on September 13, 2018 and March 26, 2019, even though Defendants have represented that they possess records identifying the exact date and time of each account's creation. A conclusory declaration that repeats the Court's phrase does not eliminate a genuine dispute under FAA § 4.

The Second Barnet Declaration does not cure the problem. It is an attorney declaration concerning screenshots downloaded from the Internet Archive, not a declaration from a Microsoft custodian, engineer, or product witness explaining Microsoft's historical account-creation systems. The Wayback screenshots also are not from the dates on which Defendants contend Ms. Dart and Mr. Hays created their accounts: they are dated October 25, 2018 and April 5, 2019, rather than

September 13, 2018 and March 26, 2019. More importantly, screenshots from a public archive do not establish which dynamic, personalized, localized, or device-specific account-creation flow either Plaintiff encountered, whether the flow varied by platform, account type, or experiment, or whether the MSA link and "Next" button were presented with the same visual characteristics that matter under the reasonably conspicuous notice analysis. Even if the Court judicially notices that the Internet Archive captured certain pages on certain dates, judicial notice cannot resolve disputed facts about what those pages prove or what Plaintiffs encountered. Fed. R. Evid. 201; Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018).

Plaintiffs are not required to prove, without discovery, that Microsoft's sign-up flow changed during the intervening periods. Defendants bear the burden of proving formation, and where the relevant interface may have varied by date, device, account type, locale, or experimental flow, the absence of discovery is precisely why Defendants' conclusory showing does not eliminate the factual dispute.

This distinction matters because the Court's alternative was that "Mr. Scari could submit screenshots of what the account creation process looked like at the time Mr. Hays and Ms. Dart created their accounts," given his attestation that Microsoft has records of the exact account-creation dates and times. Dkt. 33 at 5. Defendants did not do that. They instead submitted an attorney declaration using third-party archived screenshots from different dates. That is not the Microsoft account-specific or system-specific evidentiary showing contemplated by the order.

To the extent Defendants object to anticipated supplemental declarations from Plaintiffs, that issue is not necessary to resolve Plaintiffs' present request for targeted formation discovery. Plaintiffs' position does not depend on any supplemental declaration. Defendants' own supplemental evidentiary submission remains insufficient for the reasons stated above. Plaintiffs nevertheless reserve the right to seek leave to file supplemental declarations once finalized, including because Defendants submitted new evidence after reply and the Court directed the parties to address whether that new evidence resolves the formation dispute and, if not, what discovery is required.

Because Defendants' supplemental declarations do not resolve the formation dispute, targeted discovery is required. Plaintiffs request limited discovery directed to the making of the alleged arbitration agreement, including: (1) account-specific records for Mr. Hays and Ms. Dart showing account-creation date and time, method or channel, platform, device, browser, operating system, IP/region/locale, account type, UI version, experiment/flight assignment, MSA version, hyperlink URL, notice text, and acceptance or click-event records; (2) historical screenshots, source code, UI templates, release histories, change logs, and A/B or flighting records for the account-creation flows in effect on September 13, 2018 and March 26, 2019; (3) documents and records showing whether materially different account-creation flows existed for Minecraft, Xbox/Microsoft, child/family, school/education, mobile, desktop, or localized account creation; and (4) one Rule 30(b)(6) or custodian deposition limited to those topics.

Plaintiffs propose that the Court allow 30 days for this targeted discovery, followed by supplemental briefing limited to the formation issue: Plaintiffs' supplemental brief due 14 days after completion of discovery, and Defendants' response due 7 days thereafter. This limited discovery is exactly what the Court contemplated if Defendants' response did not resolve the ambiguity. Dkt. 33 at 6. Plaintiffs' request is not a fishing expedition; it follows directly from the Court's order requiring the parties to address "what discovery, if any, is required" if Defendants' supplemental response did not resolve the formation issue. Plaintiffs therefore request that the Court set a status conference and authorize limited formation discovery before ruling on the motion to compel arbitration. Plaintiffs also reserve all arguments previously raised against compelling arbitration and against staying R.G.'s claims, including arguments concerning minors, authority, disaffirmance, scope, unconscionability, delegation, and waiver.

DATED: June 26, 2026

Respectfully submitted,

*/s/ Robert B. Salgado*

Morgan D. Ross, Esq. (SBN 270650)
Robert B. Salgado, Esq. (SBN 297391)
COUNTERPOINT LEGAL
600 B Street, Ste 1550
San Diego, CA 92101
Telephone: (619) 780-3303
Facsimile: (619) 344-0332
morgan@counterpointfirm.com
rsalgado@counterpointfirm.com

*Attorneys for Plaintiffs Gavin Hays, Alyce Itsuye Dart, A.D., and R.G.*

*/s/ Michael J. Mongan*
Michael J. Mongan (SBN 250374)
WILMER CUTLER PICKERING
HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
michael.mongan@wilmerhale.com

Siddharth Velamoor (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
siddharth.velamoor@wilmerhale.com

Emily Barnet (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
emily.barnet@wilmerhale.com

*Attorneys for Defendants Microsoft Corporation and Mojang AB*