Michael J. Mongan (SBN 250374)
WILMER CUTLER PICKERING
HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
michael.mongan@wilmerhale.com

Siddharth Velamoor (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
siddharth.velamoor@wilmerhale.com

Emily Barnet (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
emily.barnet@wilmerhale.com

*Attorneys for Defendants Microsoft Corporation and Mojang AB*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

GAVIN HAYS, ALYCE ITSUYE DART, individually and as parent and guardian of A.D., a minor, A.D., a minor by and through her guardian Alyce Itsuye Dart, and R.G., a minor by and through her guardians Michael Garcia and Salena Garcia, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

MICROSOFT CORPORATION, and MOJANG AB, and DOES 1-10,

Defendants.

Case No. 3:25-cv-11078-JSC

**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS OF GAVIN HAYS AND ALYCE ITSUYE DART**

Judge: Jacqueline Scott Corley

Action Filed: December 30, 2025

Plaintiffs' administrative motion should be denied for three independent reasons.

*First*, the supplemental declarations are procedurally improper. Under this District's local rules, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Civil L.R. 7-3(d). The Court's June 8 order instructed that "Defendants shall provide Plaintiffs with a supplemental declaration," but it said nothing about Plaintiffs providing additional evidence. Dkt. 33 at 3.

*Second*, even if the Court's June 8 order did provide a basis for Plaintiffs to submit new evidence, Plaintiffs' supplemental declarations are untimely. The June 8 order directed the parties to meet and confer after Defendants had provided Plaintiffs with Defendants' supplemental declarations and then "file a joint submission by June 26, that sets forth their agreements and disagreements." Dkt. 33 at 3. In light of that instruction, Plaintiffs should have—at a minimum—shared any new proposed evidence with Defendants before the parties' June 22 meet and confer and then attached it to the parties' June 26 joint submission. That is precisely what Defendants did: They served their supplemental declarations on Plaintiffs on June 15 and attached them to the parties' joint submission. Plaintiffs, however, did not share their supplemental declarations with Defendants until July 1.

*Third*, in any event, the supplemental declarations fail to create a genuine factual dispute about whether Gavin Hays and Alyce Itsuye Dart entered enforceable agreements to arbitrate under the Microsoft Services Agreement ("MSA"). Indeed, Ms. Dart's declaration does not appear to be new or "supplemental" at all: It is word-for-word identical to a declaration she previously submitted (including with respect to the May 26 execution date). *Compare* Dkt. 31-1, *with* Dkt. 37-3. And it relates to Defendants' arguments regarding Ms. Dart's purported disaffirmance on A.D.'s behalf, not contract formation. As for Mr. Hays's declaration, it primarily consists of claims that he does not recall certain things. *See* Dkt. 37-2 ¶¶ 5, 8-11. As Defendants (Reply 4-5) and this Court (Dkt. 33 at 5) have already explained, a plaintiff's inability to remember aspects of the account-creation process does not defeat evidence of reasonable notice. In addition, Mr. Hays's assertion of what the account-creation process "caused [him] to understand" (Dkt. 37-2 ¶ 13) is

immaterial because contract interpretation is based on "objective intent, as evidenced by the words of the contract, rather than the subjective intent of one of the parties." *Bodenburg v. Apple Inc.*, 146 F.4th 761, 767 (9th Cir. 2025); *see also* Reply 5; Dkt. 36 at 6. Mr. Hays's new declaration now (for the first time) attempts to fault the Microsoft account-creation process because the hyperlink to the MSA did not itself expressly mention the arbitration provision (*see* Dkt. 37-2 ¶ 12); this argument is foreclosed by the Ninth Circuit and California precedent cited in Defendants' papers, which have enforced contracts even where the hyperlinked text did not explicitly mention the relevant contracts' arbitration provisions. *See, e.g.*, *Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005, 1011 (9th Cir. 2024) (cited by MTC 8-10, 11, 15; Reply 2-3, 12).

For these reasons, Plaintiffs' administrative motion should be denied.

DATED: July 6, 2026

Respectfully submitted,

*/s/ Emily Barnet*

Emily Barnet (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
emily.barnet@wilmerhale.com

Michael J. Mongan (SBN 250374)
WILMER CUTLER PICKERING
HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001
michael.mongan@wilmerhale.com

Siddharth Velamoor (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
siddharth.velamoor@wilmerhale.com

*Attorneys for Defendants Microsoft Corporation and Mojang AB*