United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA, et al.,<br>Plaintiffs,<br>v.<br>MICROSOFT CORPORATION, et al.,<br>Defendants. | Case No. 25-cv-11078-JSC<br><br>**ORDER TO PLAINTIFFS TO SHOW CAUSE RE: ARTICLE III STANDING**<br><br>Re: Dkt. No. 20 |

Plaintiffs filed in federal court this putative class action against Microsoft Corporation and Mojang AB on behalf of California residents who used Defendants' Minecraft websites, applications, and related online services, from within the State of California. (Dkt. No. 20 at ¶ 1.) They allege Defendants instrumented Minecraft-branded properties "with tracking technologies—including session replay, keystroke and mouse-movement logging, device fingerprinting, telemetry collection, and embedded analytics and video integrations—that intercept, record, and transmit the contents of users' communications and detailed behavioral data in real time" (*id.* ¶ 2), in violation of various California laws. In connection with the pending motion to compel arbitration the Court reviewed the Amended Complaint. As that review raises concerns about the Court's subject matter jurisdiction, Plaintiffs are ORDERED TO SHOW CAUSE as to whether the Court has Article III standing over each Plaintiff's claims.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal

stake' in the case—in other words, standing." *Id.* (citations omitted). Article III standing can be raised any time including sua sponte by the court. *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). Indeed, federal courts have an "obligation to be sure that standing exists and to raise, sua sponte if need be, any deficiency." *San Francisco Drydock, Inc. v. Dalton*, 131 F.3d 776, 778 (9th Cir. 1997).

To establish standing sufficient to satisfy constitutional requirements, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). In a putative class action, at least one named plaintiff must have Article III standing. *See Healy v. Milliman, Inc*., 164 F.4th 701, 706 (9th Cir. 2026). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

A "concrete" injury can include "intangible harms," such as "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion*, 594 U.S. at 425. In *Popa*, the Ninth Circuit addressed Article III standing in privacy cases such as this. *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025) There, the plaintiff alleged the defendant's session-replay technology captured her information while she browsed for pet supplies on a pet supply website. In particular, "[t]he information [the] defendant collected allegedly included: the date the user visited the website, the device the user accessed the website on, the type of browser the user accessed the website on, the operating system of the device used to access the website, the country where the user accessed the website from, a user's mouse movements, a user's screen swipes, text inputted by the user on the website, and how far down a webpage a user scrolls, the user's mailing address with the street number and zip code omitted, and the pet supplies products the user clicked on." *Krzyzek v. OpenX Techs., Inc*., 817 F. Supp. 3d 857, 863 (N.D. Cal. 2026) (citing *Popa*, 153 F.4th at 786-87, 791). The Ninth Circuit affirmed the district court's dismissal for lack of Article III standing because the nature of the collected information was not "embarrassing, invasive, or otherwise private." *Id*. at 786-87, 791. The court held the plaintiff had not established "how the

tracking of her interactions ... caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id*. at 791. The court explained further "the kind of harm and not the degree" is relevant for determining whether an alleged injury-in-fact is concrete enough relative "to a specific common-law tort" and that the injury must be one "that has traditionally been actionable in our nation's legal system." *Id*.

The Amended Complaint includes a specific section purporting to allege standing. (Dkt. No. 20 at ¶¶ 50-53.) However, the allegations do not include any facts that support a plausible inference the tracking of each Plaintiff's interactions with Minecraft caused the plaintiff "to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law" because the allegations are wholly generic. For example, the Amended Complaint alleges Plaintiff Gavin Hays "used the Minecraft Properties for consumer purposes, including through his own account, and his communications, browsing activity, interaction data, device data, and persistent identifiers were intercepted, and transmitted by Defendants' tracking technologies without valid consent." (*Id.* ¶ 50.) Similarly, the Amended Complaint alleges Plaintiff Dart's "own communications, personal information, payment-related information, device data, and persistent identifiers were intercepted." (*Id.* ¶ 51.) The minor plaintiffs similarly allege tracking of non-specific data and no effort is made to identify the disclosure of data that were actionable at common law. (*Id.* ¶¶ 52, 53.) These generic, non-specific allegations do not appear to satisfy the showing required for Article III standing.

So, the Court is concerned it lacks subject matter jurisdiction. Accordingly, on or before October 16, 2026, Plaintiffs shall show cause in writing as to the Court's subject matter jurisdiction over this action. A determination Plaintiffs lack Article III standing is not a ruling on the merits; instead, if the Court rule it lacks subject matter jurisdiction it will dismiss the action without prejudice to Plaintiffs pursuing their claims in California state court. *See, e.g., Nat'l Coal. for Men v. Selective Serv. Sys*., No. 24-7746, 2025 WL 3485392, at *1 (9th Cir. Dec. 4, 2025), cert. denied, 146 S. Ct. 2717 (2026) ("Because Plaintiffs lack Article III standing, we vacate the district court's grant of the 12(b)(6) motion and remand with instructions to dismiss this case without prejudice").

The October 1, 2026 hearing on the motion to compel arbitration is VACATED to be rescheduled when, and if, the Court determines it has subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: September 25, 2026

JACQUELINE SCOTT CORLEY
United States District Judge