UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GARCIA, et al.,
Plaintiffs,
v.
MICROSOFT CORPORATION, et al.,
Defendants.

Case No. 25-cv-11078-JSC

**ORDER DISMISSING COMPLAINT FOR LACK OF ARTICLE III STANDING**

Re: Dkt. No. 20

Plaintiffs initiated this putative class action in federal court against Microsoft Corporation and Mojang AB on behalf of California residents who used Defendants' Minecraft websites, applications, and related online services, from within the State of California. (Dkt. No. 20 at ¶ 1.) They allege Defendants instrumented Minecraft-branded properties "with tracking technologies—including session replay, keystroke and mouse-movement logging, device fingerprinting, telemetry collection, and embedded analytics and video integrations—that intercept, record, and transmit the contents of users' communications and detailed behavioral data in real time" (*id.* ¶ 2), in violation of various California laws. In connection with the pending motion to compel arbitration, the Court reviewed the Amended Complaint. As that review raised concerns regarding whether Plaintiffs had plausibly alleged Article III standing, and thus whether this Court has subject matter jurisdiction, the Court ordered Plaintiffs to show cause as to their standing. (Dkt. No. 45.) Now pending before the Court is Plaintiffs' response insisting they have plausibly

United States District Court
Northern District of California

United States District Court
Northern District of California

alleged standing, and Defendants' response contending Plaintiffs have not. (Dkt. Nos. 46, 49.)

**DISCUSSION**

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id*. (citations omitted). Article III standing can be raised any time including sua sponte by the court. *City of Los Angeles v. Cnty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009). In a putative class action, at least one named plaintiff must have Article III standing. *See Healy v. Milliman, Inc.*, 164 F. 4th 701, 706 (9th Cir. 2026).

**A. Article III Standing Requirements**

To establish standing sufficient to satisfy constitutional requirements, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). In a putative class action, at least one named plaintiff must have Article III standing. *See Healy v. Milliman, Inc.*, 164 F.4th 701, 706 (9th Cir. 2026). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

A "concrete" injury can include "intangible harms," such as "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion*, 594 U.S. at 425. In *Popa*, the Ninth Circuit addressed Article III standing in a similar privacy case. *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). There, the plaintiff alleged the defendant's session-replay technology captured her information while she browsed for pet supplies on a pet supply website. In particular,

> [t]he information [the] defendant collected allegedly included: the date the user visited the website, the device the user accessed the website on, the type of browser the user accessed the website on, the

> operating system of the device used to access the website, the country where the user accessed the website from, a user's mouse movements, a user's screen swipes, text inputted by the user on the website, and how far down a webpage a user scrolls, the user's mailing address with the street number and zip code omitted, and the pet supplies products the user clicked on.

*Krzyzek v. OpenX Techs., Inc.*, 817 F. Supp. 3d 857, 863 (N.D. Cal. 2026) (citing *Popa*, 153 F.4th at 786-87, 791). The Ninth Circuit affirmed the district court's dismissal for lack of Article III standing because the nature of the collected information was not "embarrassing, invasive, or otherwise private." *Id*. at 786-87, 791. The court held the plaintiff had not established "how the tracking of her interactions ... caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id*. at 791. The court explained further "the kind of harm and not the degree" is relevant for determining whether an alleged injury-in-fact is concrete enough relative "to a specific common-law tort" and that the injury must be one "that has traditionally been actionable in our nation's legal system." *Id*.

**B. The Amended Complaint Allegations are Insufficient**

The Amended Complaint includes a specific section purporting to allege standing. (Dkt. No. 20 at ¶¶ 50-53.) However, as the Court observed in the Order to Show Cause, the allegations do not include any facts that support a plausible inference the tracking of any Plaintiff's interactions with Minecraft caused the plaintiff "to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." The Amended Complaint's generic, non-specific allegations are wholly insufficient.

Plaintiffs' attempt to distinguish *Popa* is unavailing. They just say their allegations are different from *Popa* without identifying any allegations identifying what specific information was allegedly shared, let alone alleging the sharing of information analogous to an actionable common law tort. For example, in their OSC response they write:

> [Ms. Dart] alleges that her communications, personal information, payment-related information, device data, and persistent identifiers were intercepted during those flows. (FAC  38, 51.) Information a parent enters to create a child's account and complete a purchase is not comparable to the pet-product selections in Popa. It falls within the financial-information context that Popa identified as potentially different in kind.

(Dkt. No. 46 at 5.) But they never allege what information, what communications, what personal

United States District Court
Northern District of California

information, etc. So, they do not come close to plausibly alleging a concrete injury arising from a privacy violation. That two of the plaintiffs are minors does not give rise to Article III standing. Again, Plaintiffs allege virtually nothing about what information about the minors was actually tracked. Without such allegations the Amended Complaint does not plausibly allege any plaintiff has suffered a concrete injury-in-fact.

Plaintiffs' insistence Ms. Dart alleges a "traditional tangible harm" is also unpersuasive. They contend that had she known of the undisclosed tracking, "she would not have created or paid for the account on the same terms, if at all." (Dkt. No. 46 at 5.) So, she appears to be urging a benefit-of-the bargain theory and/or an overpayment theory. As support Plaintiffs cite *McGee v. S-L Snacks*, 982 F.3d 700, 703-06 (9th Cir. 2020), which held "[u]nder the benefit of the bargain theory, a plaintiff might successfully plead an economic injury by alleging that she bargained for a product worth a given value but received a product worth less than that value" and that "overpayment is a viable theory of economic injury" for Article III standing purposes. *Id.* at 705-06. But *McGee* also held to plausibly allege injury, the plaintiff would have to allege the defendant made misrepresentations about the purchased product. *Id.* at 706-07. Here, Plaintiffs do not allege Defendants made any representations regarding privacy and tracking, let alone misleading representations. Instead, they just allege the tracking violated their privacy. So, Ms. Dart has not plausibly alleged a concrete injury.

## CONCLUSION

For the above reasons, the First Amended Complaint is DISMISSSED for failure to plead facts that plausibly support an inference of Article III standing. The dismissal is without prejudice to Plaintiffs filing a second amended complaint if, consistent with Federal Rules of Civil Procedure 11, they can allege facts that support standing. Any second amended complaint is due by November 20, 2026 and may not include any new plaintiffs or claims without further leave of court. If Plaintiffs choose not to amend, the lawsuit will be dismissed without prejudice to Plaintiffs pursuing their claims in state court.

Plaintiffs' request for jurisdictional discovery is DENIED. Plaintiffs must know what information they shared when interacting with Minecraft as they filed claims alleging Defendants'

tracking of what they shared violated their privacy rights; so, they do not need discovery.

**IT IS SO ORDERED.**

Dated: October 30, 2026

JACQUELINE SCOTT CORLEY
United States District Judge